ACCEPTED
06-15-00072 CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/4/2015 2:38:31 PM
DEBBIE AUTREY
CLERK

IN THE
COURT OF APPEALS
SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/4/2015 2:38:31 PM
DEBBIE AUTREY
Clerk

NO. 06-15-00072-CR

JAMES JOSEPH WATTS, Appellant

VS.

THE STATE OF TEXAS, Appellee

On Appeal from 354th District Court
Hunt County, Texas
Trial Court Cause Nos CR-22,781

APPELLANT'S BRIEF

APPELLANT REQUESTS ORAL ARGUMENTS

TOBY C. WILKINSON
2815 Wesley Street
P.O. Box 324
Greenville, Texas 75403-0324
(903) 454-6096
(903) 454-0446 Fax
S.B.A. #21497300
Attorney for Appellant

1

**TABLE OF CONTENT**

**SECTION**                                                                                    **PAGE**

TABLE OF CONTENTS...........................................................................................  2

NAMES OF ALL PARTIES...................................................................................  3

INDEX OF AUTHORITIES...................................................................................  4

STATEMENT OF THE CASE...............................................................................  5

ISSUES PRESENTED...........................................................................................  6

      Number One (In Summary:  The trial attorney
      rendered ineffective assistance to Appellant.)

FACTS.................................................................................................................  6

LAW....................................................................................................................  7

SUMMARY OF ARGUMENT...............................................................................  8

ARGUMENT.......................................................................................................  9

CONCLUSION....................................................................................................  10

REQUEST FOR ORAL ARGUMENTS................................................................  10

PRAYER..............................................................................................................  11

CERTIFICATE OF SERVICE..............................................................................  11

## NAMES OF ALL PARTIES AND ATTORNEYS

So the members of the Court can determine disqualification and recusal under Texas Rules of Appellate Procedure 15 and 15a, Appellant certifies that the following is a complete list of the parties, attorneys, the trial court judge, and any other person who has an interest in the outcome of this case:

Appellant:                              James Joseph Watts
                                        1385 FM 3328
                                        ID 1985038
                                        Palestine, Tx
                                        75803

Appellant's trial counsel:             Jerry W. Card
                                        4503 CR 1033
                                        Celeste, TX 75423

Appellant's counsel on Appeal:         Toby C. Wilkinson
                                        P.O. Box 324
                                        Greenville, Texas
                                        75403-0324

Appellee:                              The State of Texas

Appellee's trial counsel:              Lauren Hudgeons
                                        2507 Lee Street,
                                        Fourth Floor
                                        Greenville, Tx
                                        75401

Appellee's counsel on appeal:          Noble D. Walker
                                        2507 Lee Street,
                                        Fourth Floor
                                        Greenville, Tx
                                        75401

Trial Judge:                           Richard A. Beacom, Jr
                                        2507 Lee Street,
                                        Third Floor
                                        Greenville, Tx
                                        75401

## INDEX OF AUTHORITIES

**Page:**

**Cases:**

KNIGHT a/k/a Genary Lois Bailey, v. Texas 91 S.W. 3rd 418.............. 8
(Tex. App. Waco.2002)

*Lockhart* v. *Fretwell*, 506 U.S. 364 ................................................................ 8

**Constitution:**

U.S. Constitution, Amendment VI ........................................................ 7

## STATEMENT OF THE CASE

### Nature of the Case

This is a criminal case wherein the Appellant was on 10 years Deferred Adjudication Probation for the offence of Aggravated Sexual Assault of a Child Younger than 14 year of age. The State filled a Motion to Revoke Deferred Adjudication Community Supervision and Request for Finale Adjudication.

### Course of the Proceedings

On or about April 1, 2005 Appellant was indicted for the offence of Aggravated Sexual Assault of a Child Younger than 14 years of age. (Clerk's Record CD 1 page 6 hereinafter referred to as C.R. p.). On August 5, 2005 Appellant was placed on 10 years Deferred Adjudication Community Supervision with conditions of Probation (C.R. pp 44-54). On or about December 4, 2014 the State filled a Fourth Motion to Revoke Deferred Adjudication Community Supervision and Request for Finale Adjudication (C.R. pp 110-114). On or about December 18, 2014 Jerry Card, Esq. was appointed to represent Appellant C.R. p 117). On February 18, 2015 a hearing was held in the 354th Judicial District Court Hunt County Texas and Appellant's Community Supervision was revoked; Appellant was found guilty. The Judge sentenced Appellant to 20 years and 0 months and 0 days in the Institutional Division, TDCJ (C.R. pp 122-126). On

5

February 25, 2015 a Notice of Appel was filled (C.R. p 134). On March 17, 2015 a Motion for New Trial and Motion in Arrest of Judgment was filled and presented to the Court (C.R. pp 137-139). On May 4, 2015 the Court held a hearing on the Motion for New Trial (Court Reporter's Record Volume 4 hereinafter referred to as C.R.R. Vol. p.).

## Trial Court's Disposition

On February 18, 2015, the Trial Court entered a judgment adjudicating Appellant's guilt. The Court thereafter sentenced Appellant to 20 years in the Institutional Division of Texas Department of Criminal Justice. The Court granted the Appellant credit for 429 days served.

**Point of Error:**
**The Trial Attorney rendered ineffective assistance of counsel to the Appellant by not calling necessary witnesses.**

**Facts:**
On February 16, 2015 a hearing was conducted in this matter by the 354th Judicial District Court of Hunt County Texas regarding the Motion to Revoke Appellant's Community Supervision (C.R.R. Vol. 3 pp.7-145). At the true/ not true portion of the hearing the State called the following witnesses Michael McAda, Scott Sleeman, Terri Baker, Krista Stinnett, Steve Scott, and Samantha Manrique (C.R.R. Vol. 3 pp. 9-112). The Appellant's attorney called the Appellant

6

(C.R.R. Vol. 3 pp. 112-132). At the Punishment phase the State did not call any witnesses (C.R.R. Vol. 3 p. 137). Appellant's attorney requested a continuance for the purpose of having other witnesses testify and the Judge denied the request (C.R.R. Vol. 3 p. 137). Appellant's attorney called one witness at Punishment Diane Watkins (C.R.R. Vol. 3 pp. 138-141). Appellant would further show that he had requested his attorney call Dr. Anna Shursen, Kayla Ashley, Edward Watts, Victor Harris (a neighbor), Rhonda Wooten, and his mother-in-law [Cynthia Mauldin] (C.R.R. Vol. 4 pp.7-8). Appellant's attorney decided not to call Dr. Shursen but did not discuss the decision with Appellant (C.R.R. Vol. 4 p. 18). Appellant would show that while his attorney did not request a continuance in the true/not-true phase, he did seek a continuance in the Punishment phase additionally Appellant's attorney failed to subpoena any of the witnesses (C.R.R. Vol. 4 p. 24).

**Law:**

The Sixth Amendment of the U.S. Constitution guarantees a criminal defendant the right to the effective assistance of counsel.

"In all criminal prosecutions, the accused shall . . . have the assistance of counsel for his defense."

-U.S. Constitution, Amendment VI

7

A convicted defendant who claims that he was denied his right to the effective assistance of counsel must establish that (1) counsel's performance was constitutionally "deficient" and that (2) counsel's errors"prejudiced the defense." *Strickland* v. *Washington*,466 U.S. 668, 687 (1984). Such prejudice requires a reasonable probability that counsel's performance affectedthe outcome. *Ibid*. Not all differences in outcome, however,can constitute cognizable prejudice. Because the touchstone of the inquiry is reliability and fundamentalfairness, cognizable prejudice occurs only if counsel'serror deprives the defendant of a "substantive or procedural right to which the law entitles him" in his defense. *Lockhart* v. *Fretwell*, 506 U.S. 364, at page 372 (1993).

**In KNIGHT a/k/a Genary Lois Bailey, v. Texas 91 S.W. 3rd 418 (Tex. App. Waco.2002) at page 424 the court held**

To prevail on an ineffective assistance claim, an appellant must overcome the strong presumption that counsel rendered reasonably professional assistance. *See Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex.Crim.App.1999). Ordinarily, this presumption cannot be overcome without evidence in the record of counsel's reasons for the acts or omissions of which the appellant complains. *See Johnson v. State,* 68 S.W.3d 644, 655 (Tex.Crim.App.2002); *Thompson,* 9 S.W.3d at 813-14; *Murray v. State,* 24 S.W.3d 881, 891 (Tex.App. — Waco 2000, pet. ref'd). However, we do note that a single act or omission on counsel's part can be so egregious as to constitute ineffective assistance. *See Thompson,* 9 S.W.3d at 813; *Scott v. State,* 57 S.W.3d 476, 483 (Tex.App. — Waco 2001, pet. ref'd).

**Summary of Argument:**

Appellant contends his attorney failed to investigate this matter because he failed to interview witnesses. The attorney failed to call or subpoena witnesses to the hearing. Appellant would show that this lack of assistance by his trial attorney harmed him because he was not given a

8

fair and adequate hearing. This failure by his attorney amounted to ineffective assistance of counsel.

**Argument:**

Appellant would show that he was facing a revocation of his community supervision and if revoked the minimum punishment was two years in prison and a maximum of ninety-nine years, or life, in prison. Appellant's attorney by his own admission failed to talk to his counselor, Dr. Anna Shursen. Additionally the attorney did not investigate this matter by talking to his witnesses or other potential witnesses, both fact and punishment. The attorney stated that he had met with the Appellant on several occasions yet he failed to call any witnesses. Additionally the trial attorney claims that he did not know who two of the witnesses were. Appellant would show that had his attorney done a proper investigation he would have talked to all of the witnesses who lived near the appellant. Appellant contends he was harmed by the trial attorney's failure to investigate and defend him. Appellant contends that these failures on the part of his trial attorney rendered the attorney's assistance ineffective denying him a fair hearing.

9

Appellant would show that Dr. Shursen would testify that he was still in the program and doing well. The other witnesses would have refuted the state's witnesses' testimony that he had been around the children. Finally, Appellant would show that the trial attorney knew it was improper to have the witnesses at the hearing or he would not have asked for a continuance. If the attorney had done his job, these witnesses would have been subpoenaed and would have been at the hearing.

**Conclusion:**

Appellant contends that the witnesses he requested would have made a valuable contribution to his defense. Appellant's trial attorney failed and refused to subpoena any of the witnesses that Appellant requested. Appellant's attorney did not provide the Court with any strategy that a reasonable trial attorney would have employed in his defense of the Appellant because of the attorneys ineffective assistance Appellant was harmed and this Court should order a new hearing in the matter.

**Request for Oral Arguments:**

Appellant's attorney requests that he be allowed to present oral arguments in this matter.

**Prayer:**

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court reverse the Trial Court. Appellant requests this Court to grant him a new hearing in this matter.

Respectfully submitted this 3rd day of August 2015.

\S\ *Toby C. Wilkinson*
Toby C. Wilkinson

## CERTIFICATE OF SERVICE:

The undersigned Attorney hereby certifies that a true and correct copy of this Appellant's Brief has been hand delivered this date to HONORABLE Nobel D. Walker, Hunt County District Attorney, Hunt County Courthouse, Greenville, Texas, and that a true and correct Copy will be delivered by certified mail return receipt request to Appellant, James Joseph Watts, this the 4th day of August, 2015.

\S\ *Toby C. Wilkinson*
Toby C. Wilkinson

**CERTIFICATE OF COMPLIANCE OF WORD COUNT**

In Accordance with Texas Rule of Appellate Procedure 9.4(i), the undersigned attorney of record certifies that the Appellant's Brief contains 1,730 words, excluding those words identified as not being counted in Appellate Rule of Procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.

\S\ *Toby C. Wilkinson*
Toby C. Wilkinson,